MARGURITTE L. HUTCHINS v. THE CITY OF CLEVELAND ET AL.[*]

Decided, February 11, 1907.

*Municipal Corporations—Regulation of Use of Water and Collection of Rentals—Confided in the Board of Public Service—Construction of Statutes as to Use of the Words "Trustees" and "Trustees or Board."*

1. In Sections 2410 and 2411, Revised Statutes of Ohio (1536-521 and 522, Bates' Annotated Statutes), the words "trustees" and "trustees or board" include the directors of public service in cities, as well as boards of trustees of public affairs in villages.

2. The power to assess and collect water rents in cities is vested in the directors of public service, and the manner in which they exercise this power is not subject to the control of the city council.

---

[*] Reversing *Hutchins* v. *City of Cleveland,* 4 N. P.—N. S., 593.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Appeal by City of Cleveland.

This case is in this court on appeal, and was argued upon a demurrer to the petition, in which the plaintiff seeks to enjoin the placing of a water meter upon the service pipe supplying her residence with water. The amended petition, after setting forth that the plaintiff is the owner in fee simple of certain premises in the city of Cleveland, proceeds as follows:

"Plaintiff states that on or about the 21st day of August, A. D. 1901, and on the 14th day of February, A. D. 1903, Section 999 of the Revised Ordinances of the City of Cleveland was amended as follows: Ordinance 44559-A, Section No. 1:

" 'Breweries, colleges, county buildings, distilleries, gas works, hotels, malt houses, packing houses, soap factories, livery stables, steam engines, tanneries, theaters, railroad depots, railroad shops, and standpipes, manufactories, and other establishments other than residences, not herein enumerated, if deemed advisable by the board of public service, shall be metered by the water works department. Residences shall be metered only on request of the consumer at the expense of the water department, provided that in case of waste or other improper or unauthorized use of water, of which satisfactory proof has been furnished to the water department, a meter may be set without the consent of the consumer.'

"Plaintiff further states that said defendant through the board of public service for the city of Cleveland, has threatened and is about to place, and will place, unless restrained therefrom by order of the court, a water meter upon premises of said plaintiff, without her consent and without proof of waste, improper or unauthorized use of water upon the part of said plaintiff. That said action contemplated by said defendant is illegal, and in contravention of plaintiff's personal rights as a citizen and tax-payer of this county and state, and in direct violation of the city ordinance herein set forth."

Then follows an allegation that said water meter is so constructed as to render the water unfit for household consumption and a menace to health, but upon the hearing it was agreed that this allegation of the petition should be abandoned and not considered by the court.

The sole question raised by the demurrer is whether the placing of water meters upon service pipes to private residences is within the administrative discretion of the board of public service, or is controlled by the legislative enactment of the city council, above referred to.

A consideration of the nature of the act sought to be enjoined will assist in determining the controversy thus arising, for the provisions of the municipal code upon the subject are not explicit.

Meters are used for the purpose of measuring the quantity of water furnished or consumed. The price charged for water furnished is based upon the quantity used, as shown by the meter. There are other methods of fixing water rates, but the meter system is conceded to be a reasonable and proper method. A meter is of use also in determining whether there has been a waste or other improper or unauthorized use of water.

Is the choice of the means by which water rates shall be fixed or the use of water by consumers limited, a legislative or administrative function?

It would seem to be a detail of administrative management, and so we should hold, if there is no provision of the municipal code which clearly makes it the duty of the city council to legislate upon the subject.

Section 1536-100, Revised Statutes, provides:

"All municipal corporations shall have the following general powers and council may provide by ordinance or resolution for the exercise and enforcement of the same. * * * 15. To provide for a suppy of water, by the construction of wells, pumps, cisterns, aqueducts, waterpipes, reservoirs and water works, and for the protection thereof, and to prevent unnecessary waste of water, and the pollution thereof, and to apply moneys received as charges for water to the maintenance, construction, enlargement and extension of the works," etc.

Section 1536-615:

"The council shall have the management and control of the finances and property of the corporation, except as may be

otherwise provided ,and have such other powers and perform such other duties as may be conferred by law.''

Section 1536-618:

''The powers of the council shall be legislative only, and it shall perform no administrative duties whatever,'' etc.

Section 1536-674:

''In every city there shall be a department of public service, which shall be administered by three or five directors and the number of said members shall be fixed by ordinance or resolution of council. * * * They shall make their own rules and all regulations for the administration of affairs under their supervision.''

Section 1536-675:

''The directors of public service shall be the chief administrative authority of the city, and shall manage and supervise all public works and all public institutions except where otherwise provided for in this act.''

Section 1536-677:

''The directors of public service shall have the management of all municipal water, lighting and heating plants,'' etc.

The above provisions are quoted from the municipal code now in force, adopted in October, 1902. By the former general municipal code, adopted in 1869 (66 O. L., 149),. the control of the water works of all cities and villages was vested in a board of three trustees, known as the trustees of water works, elected by the qualified electors of the corporation, and their powers and duties, as well as the council's powers and duties respecting the water works of cities and villages were. set out in Chapter 25 of said act, comprising Sections 334 to 360 inclusive. By the revision of 1880, these sections became Sections 2407 to 2433 inclusive of the Revised Statutes of Ohio, and, with the exception of Section 2408, which provided for the election of trustees of the water works, have never been repealed.

They are yet in full force, though of course some sections have been modified by amendment.

Even the special laws for certain cities did not repeal these sections. They sought to create in certain cities other boards with additional functions, which should be governed also by the water works statutes referred to, but the general statutes remained in full force all the time and were applicable to all cities and villages having water works. We therefore disregard all the special codes for Cincinnati, Cleveland, Columbus and other cities.

The code of 1902 repealed Section 2408, providing for the election of trustees of the water works and cast their functions upon the directors of public service in cities, by the sections heretofore referred to, and upon a board of trustees of public affairs in villages, specially providing that said board in villages should have all the powers and perform all the duties that are provided to be performed by the trustees of water works in the sections of the code of 1869, already mentioned (Section 1536-839). That the Legislature understood and intended that said sections should apply to the water works of cities, as well as villages, is made clear by an amendment to Section 2433, adopted April 20, 1904 (97 O. L., 135), in which the following occurs:

"It shall be the duty of the board of public service or board of trustees of public affairs of any municipal corporation to enforce the provisions of this section" (referring to the prevention of pollution of water supply).

If, then, we are correct in our conclusion, that Sections 2407 to 2433, above referred to, found as Sections 1536-519 to 1536-544 in the Sixth Edition of Bates Annotated Ohio Statutes, apply to water works in cities as well as in villages, then we may look to said sections in considering the case made by the demurrer.

Section 1536-521 (Section 2410) reads as follows:

"The trustees shall be authorized to make such by-laws and regulations as they may deem necessary for the safe, economical and efficient management and protection of the water works, and such by-laws and regulations shall have the same validity

as ordinances, *when not repugnant thereto,* or to the Constitution and laws of the state.''

Section 1536-522 (Section 2411) :

''For the purpose of paying the expenses of conducting and managing the water works * * * the trustees or board shall have the power to assess and collect from time to time a water rent of sufficient amount, in such manner as they may deem most equitable, upon all tenements and premises supplied with water,'' etc.

Section 2411 underwent several amendments after its original adoption in 1869 (66 O. L., 249, Section 338; 71 O. L., 109; R. S. 1880, Section 2411; 84 O. L., 10; 86 O. L., 364; 90 O. L., 198; 94 O. L., 57). By comparison of the amendment in 71 O. L., 109, with Section 2411 of the Revision of 1880, it is apparent that the codifying commission used the words ''trustees or board,'' inserting the words, ''or board'' as referring solely to the board of trustees of water works, and not to any other board under any special government act.

We hold that in Sections 2410 and 2411 the words ''trustees'' and ''trustees or board'' now include under the present municipal code, the directors of public service in cities, *and* the board of trustees of public affairs in villages.

We have also concluded that water meters serve a two-fold purpose, of providing a method of determining water rents and preventing waste or other improper or unauthorized use of water.

The *''manner''* or method in which water rents shall be assessed seems to be under the exclusive control of the directors of public service, by Section 1536-522.

The matter of waste or other improper or unauthorized use of water, as well as the pollution thereof, seems to be within the concurrent jurisdiction of the city council by Section 1536-100, clause 15, above quoted.

Was the ordinance relied upon within this jurisdiction of the city council?

It appears upon the face of the ordinance that it was not passed for the purpose of preventing *pollution* of water, or

protecting the public health, for it provides that hotels shall have meters, but that private residences shall not.

It is also apparent that, so far as it regards residences, the ordinance was not passed for the purpose of preventing unnecessary waste of water, for it says that residences shall *not* be metered, without the consent of the consumer, *except* in case of waste or other improper or unauthorized use of water.

Manifestly the only purpose of the council in passing that part of the ordinance which refers to residences and forbids metering them, was to regulate the manner of assessing water rents for residences.

That function is specifically conferred upon the directors of public service and with it the council can not interfere; it has no concurrent jurisdiction over that matter conferred upon it by statute.

We therefore hold that so much of said ordinance as refers to residences is illegal and void. It follows that the directors of public service have a right to make a rule or regulation requiring residences to be metered and that such rule is not repugnant to any valid ordinance of the council.

So much of the said ordinance as requires the directors of public service to *install* meters is valid, and they are bound to follow such legislation, because it is within the scope of the council's authority to prevent waste of water, and their discretion as to the means to be used for that purpose, honestly exercised, could not be questioned by the directors or the courts.

But here we have a plain attempt on the part of the city council to regulate the manner of assessing water rents, a thing beyond the powers of the council, and specifically imposed by law upon the directors of public service.

We think the demurrer to the petition is well taken and sustain it.

Judgment for the defendant.

*H. A. Beckerman*, for plaintiff.

*Newton D. Baker*, City Solicitor, for defendant.